**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MEGAN ROBINSON**                                                    **PLAINTIFF**

**vs.**                                                     CAUSE NO. 4:17cv023-DMB-JMV

**BOLIVAR COUNTY, MISSISSIPPI; and**
**DEPUTY CLINTON ALEXANDER, in his individual**
**capacity**                                                          **DEFENDANTS**

                                                            <u>**JURY TRIAL DEMANDED**</u>

<u>**COMPLAINT**</u>

The Plaintiff states her causes of action for damages for violation of her rights, privileges

and immunities under the Eight Amendment of the United States Constitution pursuant to 42

U.S.C. §1983, as follows:

**I.**
**JURISDICTION**

1.      Jurisdiction of this court is proper pursuant to 28 U.S.C. §§1331 and 1343.  Venue

in this court is appropriate under 28 U.S.C. §1391(b).

**II.**
**PARTIES**

2.      Plaintiff **MEGAN ROBINSON**  (hereinafter "Plaintiff") is an adult resident

citizen of Bolivar County, Mississippi, residing in Cleveland, Mississippi.

3.      Defendant **BOLIVAR COUNTY, MISSISSIPPI**  is a county organized and formed

under Mississippi law, whose agent for service of process is James McBride, the President of the

Board of Supervisors for Bolivar County, whose address is 902 South Street, Cleveland, Mississippi

 38732.  Defendant Bolivar County operates and maintains a law enforcement agency known as the

Bolivar County Sheriff's Department.  At all times pertinent to this cause of action, Defendant Bolivar County acted under color of law.

4.     Defendant **DEPUTY CLINTON ALEXANDER** (hereinafter "Alexander") was at all relevant times the jailor and/or deputy sheriff of Bolivar County, Mississippi, and was responsible for the violation of Plaintiff's civil rights at the time and location herein alleged. Upon information and belief, Alexander is an adult resident citizen of Bolivar County, Mississippi.  At all times pertinent, Alexander was acting under color of state law.

**III.**
**FACTS**

5.     On November 14, 2015, Plaintiff was being held as an inmate at the Bolivar County Jail in Cleveland, Mississippi, following her sentencing for violation of a prior plea agreement relating to a 2014 charge.  Plaintiff was at the Bolivar County Jail pending transfer to a women's correctional facility.

6.     During Plaintiff's imprisonment at Bolivar County Jail, she was initially placed in general population.  At some point just prior the incident made the basis of this lawsuit, Plaintiff was removed from general population and placed in an isolated cell.

7.     Between the hours of 8:00 p.m. and 10:00 p.m. on or about February 29, 2016, while Plaintiff was sleeping on her bunk, Defendant Alexander entered her cell and instructed her to walk toward him to pick up her mail.  When she approached Defendant Alexander, she noticed that his pants were unzipped and his penis was outside of his pants.

8.     Defendant Alexander told Plaintiff that she could either "suck my dick or I am going to fuck you".  When Plaintiff rejected his advances, Defendant Alexander grabbed her, forced both hands behind her back, pulled down her clothing, bent her over, and raped her from

behind, penetrating her vagina with his penis. Defendant Alexander threatened Plaintiff that if she told anyone, "it would get real bad" for her. At no time during this ordeal, did Plaintiff consent to any of the actions of Defendant Alexander.

9.     During the early morning hours the following day, Plaintiff repeatedly called out to the female guard that was on duty, requesting an audience with either the chief deputy or the Sheriff to report the sexual assault that had occurred that evening. Despite numerous requests, Plaintiff was instructed by the female guard to "shut [her] mouth" and to "get [her] head out of the food tray slot".

10.     It wasn't until after 3:00 p.m. on March 1, 2016, that Plaintiff was finally allowed to speak with command staff at the jail to request medical treatment for the sexual assault she had endured. After Plaintiff reported the assault, she was transported to Bolivar County Hospital, where she was examined by medical personnel and a "rape kit" was collected. Upon information and belief, the "rape kit" was given to officials at the Bolivar County Jail, with the understanding that it would be forwarded to the Mississippi Crime Lab for testing. To date, despite numerous inquiries from Plaintiff and her family members, there has been no response on the results of the "rape kit", or even whether the "rape kit" was ever actually sent for testing by the Bolivar County Sheriff's Department.

11.     Upon her release from the hospital, Plaintiff was returned to the custody of the Bolivar County Jail. Within approximately one (1) week of her return, she was transferred to the Women's Correctional Facility in Pearl, Mississippi, where she remained until her release on November 28, 2016.

12. Upon information and belief, the entire incident (or relevant portions) was captured on jail video surveillance. On March 14, 2016, counsel for Plaintiff corresponded with Sheriff Kelvin Williams, Sr., requesting that the video surveillance, as well as all other evidence of this incident be preserved. As of the filing of this complaint, there has been no response from Sheriff Williams or any other official of Bolivar County.

13. Defendant Alexander at all relevant times acted under color of state law.

14. At all times relevant to this lawsuit, Defendant Bolivar County had policies, practices, and/or customs in place that encouraged and/or enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. These policies, practices, and/or customs tolerated and/or encouraged gross misconduct of its agents by failing to adequately screen for hiring, supervise, discipline, or train its police officers/jail personnel.

## IV.
## DAMAGES

15. As a proximate result of the intentional, sadistic, wanton and malicious acts of Defendants, Plaintiff suffered violent physical and sexual abuse, severe physical injury, physical pain and suffering, medical expenses, fear, humiliation, and severe psychological harm. She has also incurred medical expenses associated with this assault.

## V.
## FEDERAL CLAIM

## COUNT 1
## EIGHTH AMENDMENT

16. Defendant Alexander, acting under color of state law with callous disregard and sadistic intention, violated Plaintiff's well-established rights to be free from cruel and

unusual punishment under the Eighth Amendment of the United States Constitution. Defendant Alexander's assault of Plaintiff was objectively serious and was committed with a culpable state of mind. Furthermore, the sexual assault of Plaintiff by Defendant Alexander had no legitimate law enforcement or penological purpose.

17. Defendant Bolivar County had polices, practices, and/or customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. These policies, practices, and/or customs tolerated and/or encouraged gross misconduct of its agents by failing to adequately screen for hiring, supervise, discipline, or train its police officers/jail personnel.

**REQUEST FOR RELIEF**

Plaintiff requests the following relief:

That process be issued in accordance with law to the Defendants and that Plaintiff be granted a jury trial and judgment from and against the defendants as follows:

      i.      Reasonable compensatory damages from and against each defendant, individually, jointly, severally and/or vicariously, as appropriate;

      ii.      Punitive damages from Defendant Alexander in his individual capacity in an amount reasonably calculated to punish Defendant and to deter similar conduct by other law enforcement personnel/ agencies and others similarly situated.

      iii.      Plaintiff's costs of court, including reasonable attorney fees and expenses pursuant to 42 U.S.C. §1988 and state law;

      iv.      General Relief, as appropriate.

RESPECTFULLY SUBMITTED, this the 16TH day of February, 2017.

**MEGAN ROBINSON**


BY*: /s Philip A. Stroud_____*
PHILIP A. STROUD, MSB 99401
BRANDON L. FLECHAS, MSB 102283
5779 GETWELL ROAD, BUILDING C-1
SOUTHAVEN, MISSISSIPPI 38672
662-536-5656 phone
662-536-5657 facsimile
Philip@stroudlawyers.com
Brandon@stroudlawyers.com


**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY AS TO ALL COUNTS HEREIN.**


BY*: /s Philip A. Stroud_____*
     PHILIP A. STROUD