**IN THE UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MEGAN ROBINSON**                                                                          **PLAINTIFF**

**vs.**                                                              **CAUSE NO. 4:17cv23-DMB-JMV**

**BOLIVAR COUNTY, MISSISSIPPI; and**
**DEPUTY CLINTON ALEXANDER, in his**
**Individual capacity**                                                                   **DEFENDANTS**
_____

**ANSWER AND DEFENSES / AFFIRMATIVE DEFENSES OF DEFENDANT,**
**DEPUTY CLINTON ALEXANDER**
_____

**NOW COMES** Defendant, Deputy Clinton Alexander, in his individual capacity, by and through his undersigned counsel of record, and files this, his Answer and Defenses / Affirmative Defenses to Plaintiff's Complaint filed in the above styled and numbered cause, as follows:

**FIRST DEFENSE**

Alexander specifically asserts and invokes all defenses available to him as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in his favor.

**SECOND DEFENSE**

Alexander affirmatively asserts and invokes all substantive and procedural defenses available to him for which a good faith legal and/or factual basis exists or may exist in his favor pursuant to MISS. CODE ANN. § 11-46-1 *et seq*., specifically including §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17, as to Plaintiff's state law claims, if any.

1

**THIRD DEFENSE**

Alexander possesses sovereign and/or qualified immunity herein from suit and/or liability and/or damages.

**FOURTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

Alexander did not breach any duty owed to Plaintiff, nor did he violate any right or privilege of Plaintiff, and is, therefore, not liable in damages.

**SIXTH DEFENSE**

Alexander, at all times complained of herein acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and this Defendant is not guilty of tortious conduct or omission. The actions taken by Alexander, if any, were taken in good faith and in good faith reliance upon then existing law.

**SEVENTH DEFENSE**

The matters set forth in the Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

**EIGHTH DEFENSE**

Alexander committed no act or omission which caused any injury, damage, or deprivation to the Plaintiff and is, therefore, not liable in damages.

**NINTH DEFENSE**

As a matter of law, Plaintiff is not entitled to any relief from Alexander.

**TENTH DEFENSE**

Alexander hereby specifically pleads that if the allegations of the Complaint are true in any respect, which is denied, Plaintiff may be guilty of either contributory negligence or affirmative conduct in connection with the events about which she complains. To the extent events that form the subject matter of Plaintiff's Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

**ELEVENTH DEFENSE**

Alternatively, Plaintiff's alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom / which Alexander is neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to this Defendant.

**TWELFTH DEFENSE**

**NOW COMES** Deputy Clinton Alexander, in his individual capacity, by and through counsel, and states that unless specifically admitted herein, this Defendant denies any and all allegations of the Complaint.

For answers to the allegations of the Complaint, Deputy Clinton Alexander, in his individual capacity, states:

I. **JURISDICTION**

1.     In response to ¶ 1 of Plaintiff's Complaint, Alexander admits that federal question jurisdiction exists since Plaintiff brought her suit pursuant to the procedural vehicle of 42 U.S.C. § 1983.  Additionally, Alexander admits that venue is proper with the USDC for the Northern District of Mississippi, Greeneville Division.   Except where otherwise specifically admitted, the allegations in ¶ 1 of Plaintiff's Complaint are denied.

3

II.  **PARTIES**

2.      Alexander is without specific information or belief to admit or deny the allegations in ¶ 2 of Plaintiff's Complaint related to her current residency, and accordingly denies the allegation.  Except where otherwise specifically admitted, the allegations in ¶ 2 of Plaintiff's Complaint are denied.

3.      In response to ¶ 3 of Plaintiff's Complaint, Alexander admits that Bolivar County, Mississippi is a political subdivision of the State of Mississippi, and that it has a Board of Supervisors and Sheriff's Department.  Except where otherwise specifically admitted, the allegations in ¶ 3 of Plaintiff's Complaint are denied.

4.      In response to ¶ 4 of Plaintiff's Complaint, Alexander admits that he was formerly employed by Bolivar County, Mississippi.  Except where otherwise specifically admitted, the allegations in ¶ 4 of Plaintiff's Complaint are denied.

III.  **FACTS**

5.      Alexander is without specific information or belief to admit or deny the allegations in ¶ 5 of Plaintiff's Complaint, and accordingly denies said allegations.  Except where otherwise specifically admitted, the allegations in ¶ 5 of Plaintiff's Complaint are denied.

6.      Alexander is without specific information or belief to admit or deny the allegations in ¶ 6 of Plaintiff's Complaint, and accordingly denies said allegations.  Except where otherwise specifically admitted, the allegations in ¶ 6 of Plaintiff's Complaint are denied.

7.      The allegations in ¶ 7 of Plaintiff's Complaint are denied.

8.      The allegations in ¶ 8 of Plaintiff's Complaint are denied.

9.      The allegations in ¶ 9 of Plaintiff's Complaint are denied.

10.     In response to ¶ 10 of Plaintiff's Complaint, Alexander admits that he was required to undergo questioning and testing as a result of false allegations against him, and that this Defendant was cleared of any wrongdoing.  Except where otherwise specifically admitted, the allegations in ¶ 10 of Plaintiff's Complaint are denied.

11.     Alexander is without specific information or belief to admit or deny the allegations in ¶ 11 of Plaintiff's Complaint, and accordingly denies said allegations.  Except where otherwise specifically admitted, the allegations in ¶ 11 of Plaintiff's Complaint are denied.

12.     The allegations in ¶ 12 of Plaintiff's Complaint are denied.

13.     The allegations in ¶ 13 of Plaintiff's Complaint are denied.

14.     The allegations in ¶ 14 of Plaintiff's Complaint are denied.

### IV.     DAMAGES

15.     The allegations in ¶ 15 of Plaintiff's Complaint are denied.

### V.     FEDERAL CLAIM
### COUNT 1 - EIGHTH AMENDMENT

16.     The allegations in ¶ 16 of Plaintiff's Complaint are denied.

17.     The allegations in ¶ 17 of Plaintiff's Complaint are denied.

### REQUEST FOR RELIEF

18.     Alexander denies any and all allegations in the last unnumbered paragraphs of Plaintiff's Complaint, page 5 of 6, under the title "REQUEST FOR RELIEF", including but not limited to subsections (i.) through (iv.).  This Defendant specifically denies that Plaintiff is entitled to judgment against him, or that he is liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of

any kind or quantum whatsoever. This Defendant denies that Plaintiff is entitled to attorneys' fees, interest and costs.

**AND NOW**, having fully addressed the specific paragraphs in the Plaintiff's Complaint and subsequent pleadings, and having denied any and all liability herein, Deputy Clinton Alexander, in his individual capacity, sets forth the following Special Affirmative Matters:

## FIRST AFFIRMATIVE DEFENSE

Alexander is entitled to qualified immunity and/or sovereign immunity from suit and/or liability herein. This Defendant is entitled to, and hereby asserts all rights, privileges, and immunities otherwise available to a governmental or state actor.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Alexander and should be dismissed with prejudice.

## THIRD AFFIRMATIVE DEFENSE

At all times, Alexander acted in good faith reliance upon then existent law and is, therefore, entitled to immunity or a special good faith defense.

## FOURTH AFFIRMATIVE DEFENSE

At all times complained of, Alexander acted in good faith, and without malice, without reckless disregard, without deliberate indifference, without injurious intent, without evil motive, without retaliatory motive, and are not guilty of wrongful or tortious conduct.

## FIFTH AFFIRMATIVE DEFENSE

Alexander possess immunity to Plaintiff herein and specifically asserts all rights, defenses, privileges, and immunities available to him under applicable state and federal law. This Defendant invokes and asserts all rights, privileges and immunities available to him as

set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

## SIXTH AFFIRMATIVE DEFENSE

Alexander is not guilty of conduct amounting to deliberate indifference to the rights of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff's Complaint, with amendments, if any, purports to state a cause of action against this Defendant based upon any state law theory, Alexander possesses sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1 *et seq.* by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint, with amendments, if any, seeks any award or assessment of punitive damages against Alexander, such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, § 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, § 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law. Additionally, Plaintiff's claim for punitive damages of, from or against this Defendant is barred by MISS. CODE ANN. § 11-46-15, and/or federal common law.

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff suffered no loss or deprivation of any rights, privileges, or immunities afforded her by the United States Constitution or applicable federal or state law.

**TENTH AFFIRMATIVE DEFENSE**

Alexander would show that the factual allegations of Plaintiff's Complaint, and the conduct complained of therein, do not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, this Defendant is not guilty of any deliberate abuse of inherently governmental power, but rather, had lawful penological justification for all actions undertaken by them.

**ELEVENTH AFFIRMATIVE DEFENSE**

No action or inaction on the part of Alexander, if any, proximately caused any harm, loss or deprivation to Plaintiff. At all times complained of, this Defendant acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, this Defendant's conduct, if any, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983. Plaintiff suffered no injury and his allegations do not arise to the level of a constitutional tort.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks any form of injunctive relief, if any, Plaintiff cannot establish the requisite basis or threshold, inclusive of any immediate and/or irreparable harm, so as to support or warrant the issuance of any form of injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

Alexander fulfilled any and all legal duties owed by him, if any, to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Alexander complied with all applicable standards of care.

## FIFTEENTH AFFIRMATIVE DEFENSE

Alexander reserves the right to plead and hereby specifically asserts, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, *res judicata*, statute of limitations and waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of comparative fault and Plaintiff's recovery must be limited accordingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant hereby invokes and asserts all privileges and immunities afforded him under both federal and state constitutions, statutory law and common law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of her own actions and/or omissions, or those of other persons for whom Alexander is neither liable nor responsible. Plaintiff's recovery should be barred or alternatively, reduced under

principles of comparative fault. Further, this Defendant affirmatively asserts and invokes all defenses and rights available to him as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to specifically and/or appropriately plead that she is entitled to relief against Alexander, pursuant to FED. R. CIV. P. 8, and accordingly, her claims should be dismissed.

## TWENTIETH AFFIRMATIVE DEFENSE

Alexander is entitled to sovereign immunity from all state law claims pursuant to the exemptions from the waiver of sovereign immunity as codified in MISS. CODE ANN. § 11- 46-9.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Alexander affirmatively asserts and invokes all defenses and rights available to him as set forth in MISS. CODE ANN. § 85-5-7, and affirmatively states that he cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein and is entitled to apportionment as provided by law.

**WHEREFORE, PREMISES CONSIDERED,** Deputy Clinton Alexander, in his individual capacity, requests that Plaintiff's Complaint and this civil action be dismissed with prejudice, with all costs and reasonable attorneys' fees assessed against Plaintiff, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 24th day of March, 2017.

> **DEPUTY CLINTON ALEXANDER, IN HIS**
> **INDIVIDUAL CAPACITY – DEFENDANT**
>
> **BY:**   _/s/ Jason E. Dare_____
>          **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@pbhfirm.com
Pettis, Barfield & Hester, P.A.
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone:    (601) 987-5300
Facsimile:    (601) 987-5353

## CERTIFICATE OF SERVICE

I, Jason E. Dare, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent a true of and correct copy of the pleading to the following:

Philip Andrew Stroud, Esq. (philip@stroudlawyers.com)
THE STROUD LAW FIRM, PC
5779 Getwell Road, C-1
Southaven, Mississippi 38672

Sidney Ray Hill , III, Esq. (rhill@claytonodonnell.com)
CLAYTON O'DONNELL, PLLC
P.O. Drawer 676
Oxford, Mississippi 38655

**THIS,** the 24th day of March, 2017.

  _/s/ Jason E. Dare_
  **JASON E. DARE**